FILED
SUPERIOR COURT
OF GUAM

2023 OCT 11 PM 3: 17

CLERK OF COURT

BY:



# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | Case No. CF0120-21 |
| vs. | **DECISION AND ORDER**<br>**(Motion to Exclude)** |
| RICKY SANTOS CRUZ, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable John C. Terlaje on September 23, 2023 for a Motion Hearing on Ricky Santos Cruz's ("Defendant") Motion in Limine to Exclude. Public Defender Stephen Hattori appeared for Defendant. Assistant Attorney Christine Santos Tenorio appeared for the People of Guam ("People'). Based on the relevant law and authorities the Court now issues the following decision and order **REJECTING** Defendant's Motion to Exclude.

## BACKGROUND

On February 28, 2021, the Office of the Attorney General charged Defendant with Second Degree Criminal Sexual Conduct (As a First Degree Felony). Mag. Compl., Feb. 28, 2021. Defendant filed a motion to exclude. Def.'s Mot. to Excl., Sept. 19, 2023. The People filed a response. People's Resp. to Def.'s Mot. to Excl., Feb. 20, 2028. The Court held a Motion

Hearing. Minute Entry, Sept. 23, 2023. Upon considering the parties' arguments and the applicable law, the Court denies Defendant's Motion to Dismiss.

## DISCUSSION

Defendant moves to dismiss under the theory that "Guam Rules of Evidence 404(b) bars the introduction of 'other crimes, wrong or acts' to prove that the accused acted in conformity therewith 6 GCA Section 404(b)." Mot. to Exclude ¶ 1 (September 20, 2023). The government charged Mr. Cruz with several counts of criminal sexual conduct, "on or about the period between January 1, 2015 and May 30, 2016, in Guam." Indict. (March 9, 2021). These allegations involve a vulnerable victim, who was thirteen years old or younger when the alleged crimes took place. *Id.* Now, the government seeks to introduce testimony from the victim regarding the same acts, at the same location, but the victim claims they took place in 2012, 2013, and 2014. Reply to Def. Mot. To Exclude (September 20, 2023). According to the defense, testimony of these events should be excluded as "former bad acts" under Rule 404(b). Mot. to Exclude (September 20, 2023). Additionally, the defense argues that Rule 413 excludes the testimony, because "notice was not provided fifteen days before the scheduled date of trial, as required by GRE 413(b)." Reply to Gov. Mot. to Exclude ¶ 2 (September 21, 2023).

### A. The proposed testimony is not a material variance from the indictment

"The general rule [is] that allegations and proof must correspond..." *Berger v. United States*, 295 U.S. 78, 82 (1935). A variance between an allegation and proof presented is a "reversible error if it affects the substantial rights of a defendant by either: (1) taking them by surprise and hindering their ability to present a defense, or (2) exposing them to the risk of another prosecution for the same offense." *Taitano*, 2015 Guam 33 ¶ 19, *Campbell*, 2006 14 ¶

12; *Berger*, 295 U.S. at 82. Further, "time is not considered an essential element of criminal sexual conduct." *Taitano*, 2015 Guam 33 ¶ 15-16; *Campbell*, 2006 Guam 14 ¶ 27. "Where time is not an element of a crime, proof of any date before the return of the indictment and within the statute of limitations is sufficient to support a conviction." *People v. Taisacan*, 2018 Guam 23 ¶ 28; *Taitano*, 2015 Guam 33 ¶ 16 quoting *People v. Atoigue* 1992 WL 245628.

The facts in *Atoigue* are very similar to those before this court: a minor alleged criminal sexual conduct, specific dates for the accusations were put into an indictment, and the minor's memory of those dates changed. *See People v. Atoigue* 1992 WL 245628. Here, as in *Atoigue*, proof of "any date before the return of the indictment and within the statute of limitations is sufficient to support a conviction." *Id.* Given that the minor in this case plans to testify to acts within the statute of limitations, no material variance exists. Further, in *Sablan*, the Guam Supreme Court allowed testimony four years prior to the dates in the indictment. *People v. Sablan*, 2023 Guam 4 ¶ 80. In this case, the testimony differs by, at most, three years.

**B. The government's proposed testimony is not prior bad act evidence under 6 G.C.A § 404(b) and thus G.C.A § 413 does not apply**

The Defense cites *Taitano* in their § 404(b) motion to support their claims that this testimony involves prior bad acts[1], however, "this is not a case like *Taitano*, wherein the facts presented at trial relate to a separate incident for which the People did not obtain an indictment." *People v. Sablan*, 2023 Guam 4 ¶ 55. In the case currently before this Court, the victim plans to testify to the exact same incidents in the indictment, involving the exact same police reports. Reply to Def. Mot. To Exclude (September 20, 2023). Unlike in *Taitano*, the likelihood that the defendant will be "convicted on evidence of an incident other than the one for which he was

---

[1] Cite Hattori Defense

charged is not substantial." *People v. Sablan*, 2023 Guam 4 ¶ 55. Given this precedent and the lack of material variance from the indictment, the Court struggles to understand how the testimony could be viewed as a "prior" act under § 404(b). Therefore, we do not believe that §413 balancing is necessary here.

Even if the court treated this as prior bad act testimony, however, it would still pass the §413 balancing in *Chinel. See Campbell*, 2006 Guam 7; *People v. Sablan*, 2023 Guam 4. The proposed testimony involves: (1) events from only a few years before the dates on the indictment and (2) the defendant was given notice of this testimony months ago. Reply to Def. Mot. To Exclude (September 20, 2023).

## CONCLUSION AND ORDER

For the above reasons, the Court **REJECTS** Defendant's Motion to Exclude.

SO ORDERED, this ___11___ day of ___October___, 2023.

_____
**HONORABLE JOHN C. TERLAJE**
Judge, Superior Court of Guam